UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RANDALL ALLEN NEWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CAUSE NO. 1:05-CV-204 WL |
| v. | ) |
| | ) |
| DERRICK DeMOREST, *et al.* | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Randall Allen Newman, by counsel, submitted a motion to amend with an amended complaint. As the motion correctly states, Fed. R. Civ. P. 15(a) provides for a single amendment as a matter of course since the original complaint had not yet been served. Therefore the motion will be denied as moot and the court will proceed on the amended complaint.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard

under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Newman alleges that the defendants used excessive force against him in violation of the Fourth Amendment on May 29, 2005. This states a claim.

For the foregoing reasons, the court:

(1) **DENIES AS MOOT** the motion to amend (docket # 7);

(2) **DIRECTS** the clerk to ensure that a copy of this order is served on Derrick DeMorest and Bobby L. Lemon along with the summons and amended complaint (docket # 12);

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Derrick DeMorest and Bobby L. Lemon; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Derrick DeMorest and Bobby L. Lemon respond to the amended complaint as provided for in the Federal Rules of Civil Procedure.

SO ORDERED.

ENTERED: August 2 , 2005

                                                  S/William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court